DLD-295                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1848
_____

MATTHEW JONES,
                          Appellant

v.

JUSTICE OF THE PEACE COURT NUMBER 4, in Sussex County, Delaware
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1-16-cv-01306)
District Judge:  Honorable Richard G. Andrews
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 29, 2017
Before:  CHAGARES, VANASKIE and KRAUSE, Circuit Judges

(Opinion filed:  August 9, 2017)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Proceeding pro se, Matthew Jones appeals the District Court's dismissal of his lawsuit alleging various criminal and constitutional violations against Justice of the Peace Court No. 4, in Sussex County, Delaware ("Justice of the Peace Court"). We will affirm.

Jones alleged in his complaint that "a long standing enslavement, malicious prosecution, fraudulent medical diagnosis, sexual slavery, forced labor, identity theft, larceny, forgery, assault, attempted murder, rape, pedophilia, and other felonious acts were committed" as a result of a September 17, 2015 traffic stop when he was ticketed for using a cell phone while driving. The traffic case was heard in the Justice of the Peace Court, and was dismissed when the arresting officer did not appear. The complaint additionally referred to a number of other traffic incidents that occurred between 2002 and 2010, and Jones requested two billion dollars in damages.

The District Court dismissed Jones's case pursuant to 28 U.S.C. § 1915(e)(2)(B) on the grounds that his complaint sought money damages from a defendant who is immune from suit, did not state a claim, and was also frivolous. The District Court concluded that the complaint could not be amended to correct its deficiencies, and Jones timely appealed.[1] We will summarily affirm because the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

We agree with the District Court's dismissal of the suit on the basis that the Justice of the Peace Court is a Delaware state entity. The Eleventh Amendment provides that

---

[1] We have jurisdiction under 28 U.S.C. § 1291. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We exercise plenary review over the District Court's order

2

"[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court interprets the Eleventh Amendment to protect states as well as their agencies and departments from suit in federal court. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). A state agency or department is characterized as an "arm of the state," and is also entitled to immunity from suit under the Eleventh Amendment, when a judgment against it "would have had essentially the same practical consequences as a judgment against the State itself." Fitchik v. N.J. Transit Rail Operations, Inc., 873 F.2d 655, 659 (3d Cir. 1989) (en banc).

Whether an agency is entitled to sovereign immunity is determined by balancing three factors: (1) whether the payment of the judgment would come from the state treasury; (2) what status the entity has under state law; and (3) what degree of autonomy the entity has. Maliandi v. Montclair State Univ., 845 F.3d 77, 83 (3d Cir. 2016) (citing Fitchik, 873 F.2d at 659).

The Delaware Constitution vests the State's judicial power in "a Supreme Court, a Superior Court, a Court of Chancery, a Family Court, a Court of Common Pleas, a Register's Court, *Justices of the Peace*, and such other courts as the General Assembly [] shall have by law established[.]" Del. Const. art. IV § 1 (emphasis added). Moreover, the constitution provides that "Justices of the Peace [] shall be appointed by the

---

dismissing the complaint. Id.                    3

Governor, by and with the consent of a majority of all the Members elected to the Senate, for such terms as shall be fixed this Constitution or by law." Del. Const. art. IV § 30. Accordingly, it is clear that the Justice of the Peace Court is not independent of the State and cannot be regarded as having significant autonomy. See Benn v. First Judicial Dist. of Pa., 426 F.3d. 233, 239-40 (3d Cir. 2005) (finding that courts established by the Pennsylvania constitution are part of a unified judicial system and are thus considered state rather than local agencies) (citing Callahan v. City of Philadelphia., 207 F.3d 668, 672 (3d Cir. 2000)). And, in light of the Justice of the Peace Court's relationship with the State, "it is undeniable that [Delaware] is the real party interest in [this] suit and would be subjected to both indignity and an impermissible risk of legal liability if the suit were allowed to proceed." Id. at 241. We, therefore, agree with the District Court that the Justice of the Peace Court is immune from damages under the Eleventh Amendment.

We also agree with the District Court that Jones failed to state a viable claim because Delaware is not a "person" subject to suit under 42 U.S.C. § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 69 (1989). Under the circumstances, we see no abuse of discretion in the District Court's denial of leave to amend.[2] See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

---

[2] We also agree with the District Court's decision to decline to exercise supplemental jurisdiction over the state-law claims. See 28 U.S.C. § 1367.

4